UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSIMAR APARECIDO DA SILVA MOURA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Director/Warden, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director, Boston Field Office, U.S. Immigration & Customs Enforcement; PAMELA BONDI, Attorney General, U.S. Department of Justice; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director, U.S. Immigration & Customs Enforcement,<br><br>Respondents. | Civil Action No. 1:25-cv-14011-IT |

MEMORANDUM & ORDER

January 22, 2026

TALWANI, D.J.

Petitioner Josimar Aparecido Da Silva Moura, a citizen of Brazil, entered the United States in July 2021 with his wife and child. Pet. ¶¶ 1, 23 [Doc. No. 1]. Petitioner and his wife filed a Form I-859 Application for Asylum and Withholding of Removal on November 10, 2025. Pet. ¶ 26 [Doc. No. 1]; Pet., Ex. B [Doc. No. 1-4]. As grounds therefor, Petitioner asserts that he and his family feared for their safety in Brazil after "endur[ing] persistent deadly threats, stalking, and harassment by . . . a Brazilian drug trafficking gang" and the "murderer of [Petitioner's family's] very dear friend." Pet. ¶ 22 [Doc. No. 1]; see Pet., Ex. A., Decl. of

Elizabeth B. Anderson ¶ 4 [Doc. No. 1-3] ("Anderson Decl."). Petitioner attended an asylum interview on December 15, 2025. Pet. ¶ 3 [Doc. No. 1]; see Pet., Ex. C [Doc. No. 1-5].

On December 30, 2025, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody during an "ICE check-in," which Petitioner attended with his attorney. Anderson Decl. ¶ 7 [Doc. No. 1-3]. Petitioner is presently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Pet. ¶ 7 [Doc. No. 1].

On December 31, 2025, Petitioner filed a Motion for Temporary Restraining Order/Injunctive Relief & Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] ("Petition"). Petitioner asserts that his detention violates his substantive and procedural due process rights under the Fifth Amendment to the U.S. Constitution and therefore seeks immediate release or, in the alternative, an "immediate bond hearing." Id. ¶¶ 45-46. He also asks this court to grant a temporary restraining order "enjoining Respondents from continuing Petitioner's detainment until resolution of the habeas petition[.]" Id. at ECF 3.[1]

In response, Respondents:

> submit that the legal issues presented in this petition are similar to those recently addressed by this Court in Doe v. Moniz. Civil Action No. 25-cv-12094-IT, . . . (D. Mass. Sept. 5, 2025), Escobar v. Hyde, Civil Action No. 25-cv-12620-IT, . . . (D. Mass. Oct. 3, 2025), and Maza v. Hyde, Civil Action No. 25-cv-12407-IT, -- F. Supp. 3d --, . . . (D. Mass. Oct. 20, 2025).

Opp'n 1-2 [Doc. No. 7]. Respondents therefore "acknowledge that, should the Court follow its reasoning in Doe, Escobar, and Maza, it would likely reach the same result here" and "submit that the Court may resolve this Petition [without] further briefing or oral argument." Id. at 2. The

---

[1] Petitioner also seeks "a preliminary and permanent injunction restraining Respondents from re-arresting Petitioner." Id. In response to this request, Defendants argue, inter alia, that there is no "actual controversy" at this time with respect to Petitioner's possible future detention sufficient for injunctive relief. See Opp'n 3, 5 [Doc. No. 7]. The court agrees and will deny this request without prejudice.

court finds that the reasoning in Doe remains correct and that nothing in the record indicates that Petitioner is detained under 8 U.S.C. § 1225 rather than under 8 U.S.C. § 1226.

Respondents argue in the alternative that the Petition [Doc. No. 1] should be dismissed because Petitioner "appears to be a member of the class certified in Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, Doc. No. 94 (C.D. Cal. Dec. 18, 2025). . . . [and] a member of the class certified in Guerrero Orellana v. Moniz, Civil Action No. 25-cv-12664-PBS, . . . (D. Mass. Dec. 19, 2025)." Opp'n 2 [Doc. No. 7]. The court takes judicial notice of both cases.

In the first case, the U.S. District Court for the Central District of California has entered a Final Judgment granting a declaratory judgment that such class members "are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge" and "vacat[ing] the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law." Maldonado Bautista v. Noem, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). In the second case, a judge in this District has issued a partial final judgment declaring that class members are not subject to detention under 8 U.S.C. § 1225(b)(2) but under 8 U.S.C. § 1226(a) and are thus entitled to "access to consideration for release on bond and/or conditions before immigration officers and Immigration Judges." Guerrero Orellana v. Moniz, No. 1:25-cv-12664-PBS, Doc. No. 113, at 2-3 (D. Mass. Dec. 19, 2025).

The declarations issued by these courts are binding on Respondents. And the court finds nothing in these orders to restrict this court's habeas jurisdiction to ensure that Plaintiff is not

held in custody on grounds found unlawful by this court or in contravention of the declaratory judgments in the two class actions.

Accordingly, pursuant to this court's jurisdiction under 28 U.S.C. § 2241, and consistent with the declaratory judgments ordered by two other courts, the Petition [Doc. No. 1] is GRANTED as follows:

No later than January 29, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

Petitioner's request for further injunctive relief is DENIED without prejudice.

Respondents shall submit a status report on this matter no later than February 2, 2026.

IT IS SO ORDERED.

January 22, 2026                                             /s/ Indira Talwani
                                                             United States District Judge